UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

IN RE:
$300,000 IN U.S. CURRENCY AND
$360,000 IN U.S. CURRENCY.

_____/

**UNITED STATES OF AMERICA'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO FILE CIVIL FORFEITURE COMPLAINT OR TO ALLEGE CRIMINAL FORFEITURE**

Pursuant to 18 U.S.C. § 983(a)(3)(A), the United States of America (the "United States") files this *Unopposed Motion for Enlargement of Time to File Civil Forfeiture Complaint or to Allege Criminal Forfeiture*. In support of this Motion, the United States alleges as follows:

1. On or around February 26, 2024, Drug Enforcement Administration ("DEA") agents seized the following currency (collectively, the "Seized Currency"):

- $300,000 in United States currency; and
- $360,000 in United States currency.

2. The DEA initiated administrative forfeiture proceedings and sent written notices of seizure to potential claimants in accordance with 18 U.S.C. § 983(a)(1)(A). The Seized Currency was assigned CATS Nos. 24-DEA-710207 ($300,000.00 in U.S. currency) and 24-DEA-710206 ($360,000.00 in U.S. currency) respectively.

3. On or around April 24, 2024, the DEA received three respective claims to the $300,000 in U.S. currency and $360,000 in U.S. currency filed by Juan Mauricio Padilla, Monica Padilla and Januario Padilla ("Claimants" and, collectively with the United States, the "Parties"), through their counsel, Juan D. Berrio, Esq., and the DEA subsequently referred this matter to the U.S. Attorney's Office for the Southern District of Florida.

4.      The time has expired for any person to file a claim to the Seized Currency under 18 U.S.C. § 983(a)(2)(A)-(E).  No other person has filed a claim to the property as required by law in the nonjudicial civil forfeiture proceeding.

5.      Pursuant to 18 U.S.C. § 983(a)(3), within 90 days after a claim is filed, the United States is required to file a civil forfeiture complaint or obtain a criminal indictment containing an allegation that the property is subject to forfeiture. Ninety days from April 24, 2024, which is the date when the DEA received the Claimants' claim, yields a deadline of July 23, 2024.  However, the Court may extend the period for filing a civil forfeiture complaint for good cause shown or upon agreement of the Parties.[1]

6.      Claimant, through Claimants' counsel, Juan D. Berrio, Esq., has knowingly, intelligently, and voluntarily agreed to give up any right it may have under 18 U.S.C. § 983(a)(3)(A)-(C) to require the United States to file a complaint for forfeiture against the property and/or to obtain an indictment alleging that the property is subject to forfeiture no later than July 23, 2024, and any right Claimant may have to seek dismissal of any complaint and/or any indictment on the ground that it was not filed or returned on or before July 23, 2024.

7.      The Parties are attempting to resolve this matter.

---

[1]  The statute, in relevant part, reads:

(A)  Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims or return the property pending the filing of a complaint, except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties.

18 U.S.C. § 983(3)(A).

8. The United States seeks an additional 30 days from the current deadline of July 23, 2024, setting a new deadline through and including August 22, 2024, to file a civil forfeiture complaint or to allege criminal forfeiture of the Seized Currency.

9. There is good cause to extend the deadline from July 23, 2024, to August 22, 2024, as the requested extension would afford the Parties additional time to potentially resolve this matter without litigation.

WHEREFORE, the United States respectfully requests that the Court grant this motion and provide that the United States will have through and including August 22, 2024, to file a civil forfeiture against approximately Seized Currency or to allege criminal forfeiture of such property. A proposed order is attached.

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1, I, the undersigned Assistant United States Attorney, hereby certify that I have conferred with claimant's counsel, Juan D. Berrio, Esq., via telephone on or around July 11, 2024, and via e-mail on July 23, 2024, and there is no objection to the relief sought herein.

Respectfully submitted,

**MARKENZY LAPOINTE**
**UNITED STATES ATTORNEY**

By:   *s/ Annika M. Miranda*
Annika M. Miranda
Assistant United States Attorney
Florida Bar No. 64975
99 N.E. 4th Street, 7th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9303
Facsimile: (305) 536-4089
annika.miranda@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing will be sent via e-mail, to claimants' counsel, Juan D. Berrio, Esq., at jdberrio@hotmail.com , on July 23, 2024.

                                            *s/ Annika M. Miranda*
                                            Annika M. Miranda
                                            Assistant United States Attorney